PER CURIAM.
The state has appealed the ruling of the district court reducing the defendant’s bail and ordering him released on two unsecured personal surety bonds. The state invokes the appellate jurisdiction of this Court pursuant to La. Const. Art. V, § 5(D) on grounds that the district court declared La.C.Cr.P. art. 342 unconstitutional because its requirement that the court hold a contradictory hearing before modifying a bad order applies only in Orleans Parish. See State v. Neisler, 93-1942 (La. 2/28/94), 633 So.2d 1224, 1232, n. 19.
Our independent review of the record reveals, however, that while the court expressed misgivings at the bail hearing about the validity of art. 342 it did not expressly rule the statute unconstitutional. The court conducted a formal hearing with the state present and accepted the unsecured personal surety bonds on the basis of affidavits executed by the sureties and verified by court personnel. The state’s remedy for any complaint about the manner in which the court did or did not comply with art. 342’s requirement of a contradictory hearing was by application for supervisory review in the court of appeal. La. Const. Art. V, § 10. The state has rendered any complaint in that regard moot, however, by dismissing the charges against the defendant.
Accordingly, under the authority of La. S.Ct. Rule I, § 11, we treat the state’s appeal as an application for supervisory writs and deny it as moot.